# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| STEPHEN J. CROSS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 7:07-CV-80 (HL) |
| | : | |
| STAFFORD HOSPITALITY, INC. and | : | |
| GREGORY B. BROSIUS, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and Renewed Motion for Leave to Serve Additional Discovery Requests (Doc. 29). Plaintiff's Motion is granted, and Defendants are ordered to comply with the discovery requests in accordance with the terms set out below.

## I. BACKGROUND

In September 2007, the Court issued an Order setting March 4, 2008 as the deadline for discovery. That deadline has since been extended to May 5, 2008 on the Parties' consent motion. On March 6, 2008, Plaintiff filed a Motion to for Leave to Serve Additional Discovery (Doc. 21). Defendant responded with substantive objections to this request, and Plaintiff filed no reply. Shortly after Plaintiff's reply deadline passed, the Court ruled on the Motion and denied it due to Plaintiff's failure to explain how the documents he intended to request were subject to discovery. See

Order of April 23, 2008. The Court, however, left open the possibility that Plaintiff could file a motion that addressed Defendant's objections. Plaintiff subsequently filed the present Motion to Compel and Renewed Motion for Leave to Serve Additional Discovery Requests on May 5, 2008, the last day of the discovery period. Defendants voluntarily produced a number of documents to Plaintiff after he filed his Motion to Compel, and as a result, Plaintiff attempted to withdraw his Motion to Compel with permission to re-file at a later date (Doc. 36). The Court treated this attempt as a Motion to Withdrawal and denied it because it would cause additional and unnecessary delay in the case. See Order of June 17, 2008.

## II. FACTS

Unlike Plaintiff's first Motion for Leave to Serve Additional Discovery, the present Motion provides an explanation of Plaintiff's theory of the case to demonstrate the discoverability of the documents sought. Plaintiff was the Director of Operations for Stafford Hospitality, and worked under Defendant Gregory Brosius. He had authority over all of Defendant's hotels, although Defendant claims that this authority was only nominal. He alleges that Brosius repeatedly insisted that Plaintiff terminate African-American personnel at Stafford's Savannah, Georgia Holiday Inn. According to Plaintiff, Brosius "regularly negatively compared the 'demographic' make-up of the Savannah Holiday Inn to the predominantly 'white' front desk employees of its other property holdings." Br. Mot. Compel at 4. When Plaintiff refused to fire African-American front-desk employees, Defendants allegedly fired

2

him in retaliation.  Defendants, however, claim that he was terminated for poor performance.

### III.  DISCUSSION

Plaintiff initially served nine document production requests during discovery. He made a second request, which asked for only one category of documents. Plaintiff contends that several of Defendants' responses remain deficient.

**A.  Motion to Compel**

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  In addition, "relevant information" is not limited to admissible evidence; it must only be "reasonably calculated to lead to the discovery of admissible evidence."  Id.  With that standard in mind, the Court turns to what Plaintiff contends were incomplete responses to three of his first ten requests for production.

####        1.  Documents Relating to the Decision to Terminate Plaintiff

Request for Production of Documents Number Six seeks documents relating to the termination of Plaintiff.  Types of documents envisioned by the request include but are not limited to "correspondence, communications and e-mails" among management.  Br. Mot. Compel at 3.  These documents are certainly subject to

discovery. Defendants, however, assert that they have provided a copy of Plaintiff's entire personnel file and any emails that could be construed to refer to the reason for his termination, even though their subject matter is only tangentially related. They are simply not aware of additional responsive documents. Plaintiff responds by arguing that there must be additional evidence of the decision to fire an upper-level manager beyond the seventeen minimally responsive documents produced.

The Court orders Defendants to produce any additional responsive documents, if those documents exist.

### 2. Documents Identifying Front-Desk Workers of Stafford Hospitals

During a deposition, Brosius admitted that he compared the racial composition of one or more of the Stafford hotels to that of the Savannah Holiday Inn. Plaintiff seeks names, addresses, phone numbers, and racial make-up of the front desk staff of all Stafford Hospitality Hotels between September 1, 2005, and August 31, 2006. Defendants object because these employees cannot testify regarding events they did not witness. It nonetheless appears that this evidence is reasonably calculated to lead to admissible evidence, and the Court therefore grants the Motion to Compel compliance with this discovery request.

### 3. Documents Reflecting the Savannah Holiday Inn's Performance

Plaintiff seeks documents relating or referring to Quality Inspection Reports, Management Action Reports, Property Improvement Plans, and monthly Guest

Service Tracking Scores reports for the Savannah Holiday Inn.[1] These documents are used to measure performance of the hotel, and are therefore directly relevant to Defendant's purported legitimate nondiscriminatory reason for Plaintiff's termination, i.e., the poor performance of the hotel that was the primary focus of his duties. Brosius claimed in a deposition that these documents are available to Stafford Hospitality through a website, therefore accessing them should not be overly burdensome. Defendants have provided approximately seventy documents in effort to comply with this request. Plaintiff, however, points to a number of deficiencies. Defendants are ordered to comply with this discovery request.

**C. Additional Discovery**

Defendants have made some effort to comply with Plaintiff's third request for documents, although they have reserved their objection that the request is in violation of the Local Rules. There are a number of documents that Plaintiff still seeks, however, despite this voluntary compliance.[2] Although discovery has closed, this Order compels the production of a number of the requested documents, as detailed below. Defendants have been on notice of Plaintiff's request for these

---

[1] Like several of Plaintiff's other requests, this request seeks documents dating back to Stafford Hospitality's purchase of the hotel. Although no one has indicated when that event occurred, Defendants objections related to the substance of the requests, not the time period, so the Court assumes Plaintiff's proposed time period is not unnecessarily burdensome.

[2] Plaintiff's Reply Brief does not address all of the categories of documents he sought in its initial Motion. The Court therefore concludes he has either received those documents as part of Defendants' voluntary compliance or he has decided no to pursue their production.

5

documents since Plaintiff's first request for them on January 26, 2008. In addition, they appear readily discoverable considering the facts of the case. Finally, some voluntary discovery has gone forward on matters included in this third request.

Plaintiff seeks discovery of documents demonstrating the Savannah Holiday Inn's financial condition from the date of purchase to the present. These documents are believed to demonstrate that the hotel's financial condition improved during Plaintiff's time there and to rebut Defendants' claim that Plaintiff's performance in his executive position was unsatisfactory. This documentation is reasonably calculated to lead to the discovery of admissible evidence. Defendants are therefore ordered to provide monthly STAR Trend Reports, summary profit and loss reports, and budget reports for fiscal year 2004-2007.

Plaintiff seeks licensing agreements between Stafford and its francisor, Intercontinental Hotel Group from the date Stafford purchased the hotel until the present. These documents are intended to demonstrate that during Plaintiff's tenure, Stafford was not in default under these agreements, but before and after he worked there, Stafford was in default. This information is discoverable and should be readily accessible to Defendant Stafford. The Court therefore orders that this information be produced.

The Request also seeks any notices of default or threatened notices of default under these same licensing agreements. Stafford contends it has already produced the one notice it has received. Plaintiff contends that it has not received any notice

6

of default, and that there is evidence that Stafford continues to pay fines for its default status. Defendants are ordered to comply with this request, because it seeks information that could demonstrate the Savannah Holiday Inn was in default before and/or after–but not during–his employment there. Defendant should also include the notice that has purportedly already been provided.

Finally, Numbers Three and Five in Plaintiff's third request for documents request "OSI" records for the Savannah Holiday Inn and the other hotels in Stafford's portfolio for the twelve-month period prior to and following his employment. OSI scores are an important benchmark for determining when a hotel is in default or is performing poorly. Scores from all of Stafford's Hotels are intended to allow Plaintiff to compare the hotel where he worked with the other hotels and determine if his performance was "poor" relative to Stafford's other properties. This information is discoverable and should be easily accessible to Stafford. The Court therefore orders Stafford to produce it.

Stafford has until August 4, 2008, to produce these documents. Recognizing that these documents may be necessary for Plaintiff's response to the pending Motion for Summary Judgment, the Court extends the deadline for Plaintiff's response to August 25, 2008. Defendants will have ten days from the filing of Plaintiff's response to file their reply brief.

**SO ORDERED**, this the day of August, 2008.

/s _____
**HUGH LAWSON, Judge**

tch